UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-344-KKC

LIDGE R. DOTSON,                                                    PLAINTIFF,

V.                    **MAGISTRATE JUDGE'S REPORT**
                      **AND RECOMMENDATION**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                   DEFENDANT.

## I. INTRODUCTION

Plaintiff, Lidge R. Dotson, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for Supplemental Security Income payments. This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it will be recommended that Plaintiff's motion for summary judgment be denied, Defendant's motion for summary judgment be granted and Judgment entered affirming the final decision of the Defendant Commissioner.

1

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for Supplemental Security Income benefits

on November 15, 2001 (Tr. 59-61), which was denied initially and on reconsideration

(Tr. 36-37).    On March 25, 2003, an administrative hearing was conducted by

Administrative Law Judge David B. Daugherty (hereinafter "ALJ"), where Plaintiff

testified, accompanied by his attorney.  (Tr. 142-152.)  Julie Morrissey, a vocational

expert (hereinafter "VE"), also testified at the hearing.  (Id.)  On April 25, 2003, the

ALJ found Plaintiff was not disabled.  (Tr. 15-22.)  The Appeals Council denied

Plaintiff's request for review and adopted the ALJ's decision as the final decision of

the Commissioner on September 4, 2004.  (Tr. 3-5.)  Plaintiff has filed this action and

the parties' motions for summary judgment (Record Nos. 9 and 10) are now ripe for

review.

Plaintiff was forty-five (45) years old at the time of the hearing decision.  (Tr.

15.) He has a tenth grade education.  (Id.)  His past relevant work experience consists

of employment as a mechanic.  (Id.)  The ALJ found that Plaintiff has not engaged in

substantial gainful activity since October 8, 2000, the alleged onset date.  (Tr. 21.)

On April 25, 2003, the ALJ issued his decision finding Plaintiff not disabled.

(Tr. 15-22.)  In addition to exertional limitations restricting Plaintiff to lift and/or

carry no more than fifty (50) pounds occasionally and twenty-five (25) pounds

frequently, the ALJ also noted that Plaintiff is limited non-exertionally due to his psychological symptoms. (Tr. 21.) The ALJ determined, however, that Plaintiff retained the residual functional capacity to perform a significant range of medium work, in spite of being unable to perform his past work as a mechanic. (Tr. 21-22.) Accordingly, the ALJ found Plaintiff not disabled at Step 5 of the sequential evaluation process. Plaintiff now seeks judicial review.

### III. ANALYSIS

#### A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6ᵗʰ Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6ᵗʰ Cir. 1991). "Substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 387 (6ᵗʰ Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as

3

adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

## B. Plaintiff's Contentions on Appeal and Analysis

Plaintiff's sole claim of error is that the ALJ failed to order a neuropsychological evaluation before rendering his decision finding Plaintiff not disabled. (Record No. 9, Memorandum in Support.) Plaintiff relies upon 20 C.F.R. § 416.919a to assert that an ALJ is authorized to order additional consultative examinations if he finds them necessary to aid in the disability determination. (Id. at

pp. 3-5.)  Plaintiff argues that because of the "paucity of evidence" supporting Plaintiff's alleged seizure condition, the ALJ should have ordered a neuropsychological consultation before deciding whether or not Plaintiff met the requisite criteria to assume disability status.  (Id. at pp. 6-7.)

In response, the Commissioner first argues that the burden rests with Plaintiff, not the ALJ, to prove that a disability exists.  (Record No. 10, Memorandum in Support, p. 4.)  The Commissioner then notes that the ALJ found that Plaintiff's alleged seizure disorder was a severe impairment, in spite of the Plaintiff's poor credibility and lack of overwhelming medical evidence.  (Id. at pp. 5-7.)  The Commissioner contends that the social security agency ordered both physical and psychological consultative examinations of Plaintiff and was under no obligation to order a neuropsychological consultation.  (Id. at pp. 7-8.)  Finally, the Commissioner observes that Plaintiff was represented by counsel prior to and during the administrative hearing, but that Plaintiff's counsel did not seek further development of the Plaintiff's medical record or request that the ALJ order further testing.  (Id. at p. 8.)  Thus, the Commissioner concludes that a neuropsychological examination was not warranted and the ALJ's decision finding Plaintiff not disabled was supported by substantial evidence.  (Id. at p. 9.)

Plaintiff is correct in his assertion that the ALJ maintained the authority to order

additional medial examinations of Plaintiff before completing his administrative findings. See 20 C.F.R. § 416.919a. The decision to do so is within the ALJ's discretion, however, and certainly not a requirement under the social security regulations. See 20 C.F.R. 416.917 ("If your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we *may* ask you to have one or more physical or mental examinations or tests.") (emphasis added); see also Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 214 (6ᵗʰ Cir. 1986) ("[T]he regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination.") Thus, the only issue left for resolution is whether or not the ALJ abused this discretion when failing to order a neuropsychological consultation before concluding that Plaintiff was not disabled.

The evidence of record in this case consisted of the following: (1) emergency room records from Loyola Medical Center, dated 5/13/99 (Tr. 87-97); (2) treatment records of Plaintiff's treating physician, Dr. Sujata R. Gutti, dated 6/26/02 through 7/17/02 (Tr. 114-121); (3) progress notes from the Shelby Valley Clinic, dated 3/22/02 through 5/17/02 (Tr. 109-113); (4) medical reports from Drs. Stephen Nutter and Jules J. Barefoot, who performed internal medicine consultative examinations in January

6

and December 2002, respectively (Tr. 98-103; 122-129); (5) a psychological assessment completed by Dr. Stuart A. Cooke, dated 1/24/03 (Tr. 130-137); and (6) a physical residual functional capacity assessment completed by Dr. James E. Ross on 2/8/02 (Tr. 104-105). Upon evaluating all of these materials, in addition to Plaintiff's testimony at the administrative hearing, the ALJ concluded that Plaintiff's alleged seizure disorder was a severe impairment. (Tr. 21.)

This same evidence, however, was insufficient to sustain a finding that Plaintiff was disabled. The ALJ specifically referenced the results of testing administered by Dr. Gutti, a board certified neurologist, in the administrative decision. (Tr. 19.) Dr. Gutti's records indicate that Plaintiff's MRI and EEG test results were normal, as were Plaintiff's electrolyte levels. (Tr. 114-121.) The ALJ also cited Plaintiff's inconsistent reporting regarding the frequency of his seizures, his alcohol consumption, and his use of prescribed seizure medication as evidence that Plaintiff's impairments were not severe enough to warrant a finding that he was disabled. (Tr. 18.) Thus, it appears that the ALJ determined that the medical record, which included the MRI and EEG test results, was sufficiently developed to ascertain Plaintiff's disability status without a neuropsychological consultation. This decision was within the ALJ's discretion. See 20 C.F.R. § 416.917.

Plaintiff bears the burden on appeal to the district court to show that the

7

administrative decision was in error.  Scharlow v. Schweiker, 655 F.2d 645, 648 (5th

Cir. Unit A Sept. 1981); Brooks v. Sullivan, 766 F.Supp. 584, 588 (N.D. Ill. 1991).

This burden on appeal stems from the overall burden Plaintiff bears to prove disability

at all stages of the administrative proceedings.  Scharlow, 655 F.2d at 648; Brooks,

766 F.Supp. at 588; see 20 C.F.R. 404.1512(a)(c); see also 42 U.S.C. 405(g).

Because Plaintiff bears the burden on appeal to show that the administrative

decision was erroneous, general allegations of error will not support a claim that an

ALJ's decision is unsupported by substantial evidence.  Pugh v. Sec'y of Health,

Educ. & Welfare, 448 F.Supp. 37, 41 (D. Kan. 1978).  In this case, Plaintiff does not

challenge the ALJ's calculation of Plaintiff's residual functional capacity or cite

medical evidence disputing the ALJ's conclusions.  Rather, Plaintiff argues only that

the ALJ was obligated to order a neuropsychological consultation to further explore

the severity of Plaintiff's seizure disorder before finding him not disabled.  (Record

No. 9, pp. 3-7.)   Although the ALJ had the authority to request an additional

consultation, he was under no obligation to do so.  See 20 C.F.R. § 416.917.

Moreover, the ALJ did not abuse his discretion in relying upon the existing medical

evidence of record as sufficient to determine Plaintiff's disability status.  (Id.)  The

ALJ considered the medical records Plaintiff submitted from his treating physician in

conjunction with the state consultant assessments, Plaintiff's own testimony, and the

VE's opinion before rendering his administrative decision. (Tr. 16-20.) Thus, the ALJ's decision is supported by substantial evidence. Plaintiff having failed to satisfy his burden of showing that the ALJ committed any error under applicable law, it shall be recommended that the decision of the Commissioner on this sole issue raised by Plaintiff be affirmed.

## IV.  CONCLUSION

Therefore, for the reasons set forth above, it is recommended that: the Defendant Commissioner's motion for summary judgment (Record No. 10) be granted; Plaintiff's motion for summary judgment (Record No. 9) be denied; Judgment be entered affirming the Commissioner's decision and dismissing this action with prejudice; and, that this action be stricken from the court's docket.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting, Inc. 236 F.Supp.2d 737, 749-750 (E.D. Ky. 2002). General objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b),

9

Fed. R. Civ. P.

Signed May 18, 2005.



Signed By:

*Peggy E. Patterson* ρεp

United States Magistrate Judge

Date of Entry and Service:

10